UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK EUGENE LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>O'CONNER, et al.,<br><br>Defendants. | No. 2:21-cv-1886-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal by the court, plaintiff has filed an amended complaint, which the court must screen. *See* ECF Nos. 6 & 9.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> [P]laintiff alleges he was denied due process in a disciplinary proceeding. [ECF No. 1] at 3. He claims he was found guilty and lost 60 days of credit. *Id.*

1

> Plaintiff's claim, if successful, would necessarily undermine the duration of his current confinement, as he is serving a determinate sentence of seven years. *See Leonard v. Neushmid*, No. 2:19-cv-1982-KJM-EFB (E.D. Cal.).[1] Under *Heck v. Humphrey*, 512 U.S. 477, (1994), if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The complaint does not state that such relief has been granted. As a result, this claim is barred by *Heck*.

ECF No. 6 at 2-3. Plaintiff's amended complaint attempts to cure this deficiency by clarifying that he seeks only damages as relief and not the restoration of credits. ECF No. 9 at 3. Pursuant to *Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997), however, *Heck*'s favorable termination rule extends to claims only seeking damages. Because success on plaintiff's due process claims would "necessarily imply the invalidity of the deprivation of his good-time credits," plaintiff's claims remain barred by *Heck*. *See Edwards*, 520 U.S. at 646. Therefore, the amended complaint must be dismissed for failure to state a claim upon which relief could be granted.

The court has afforded plaintiff a chance to amend his complaint, yet he is unable to state a claim upon which relief could be granted. Consequently, it declines to offer a further opportunity to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 9) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE